### GEARHART AND OTHERS v. SMALLWOOD.

1. In an action of trespass against three joint trespassers, after the jury were sworn and before any evidence was offered, the court, at the instance of the plaintiff, directed the jury to find a verdict of 'not guilty' as to one of the defendants, who, thus released, was immediately examined in chief on behalf of plaintiff. Held to be error—whether the plaintiff could have entered a *noli prosequi* after the issue was made up and the jury charged, or not, it was at least contrary to the rules of practice and dangerous to the administration of justice, that the court should allow the plaintiff to discharge the action as to one of the defendants by a verdict, for the purpose of using him as a witness.
2. Quere. Was not such a verdict a discharge of the entire action?

APPEAL from the circuit court of Morgan county.

*Napton*, counsel for appellant.

*Adams & Hayden*, counsel for appellee.

McGIRK, Judge, delivered the opinion of the court.

Smallwood brought an action of trespass *vi et armis*, for taking and carrying away goods, in the circuit court of Morgan county, against Gearhart, Gist, and one Kirkpatrick.

In an action of
trespass against
three joint tres-
passers, after the
jury were sworn
and before any ev-
idence was offer-
ed, the court, at
the instance of
the plaintiff, di-
rected the jury to
find a verdict of
'not guilty' as to
one of the defend-
ants, who, thus re- The defendants pleaded not guilty, and on that issue went to trial, and a jury were sworn to try the same. Before any evidence at all was given for either party, the plaintiff applied to the court to require the jury to find a verdict of not guilty for Kirkpatrick, which the court did, and a verdict of not guilty was accordingly found for him. The plaintiff, Smallwood, then, by his counsel, offered Kirkpatrick as a witness, and he gave testimony in chief against the other two defendants, and the plaintiff had a verdict and judgment. To reverse this judgment the cause is brought here by appeal. For the appellants, Mr. Napton insists that the court erred in per-

mitting and requiring the jury to find Kirkpatrick not guilty; and, secondly, that this verdict so taken, by the request of the party, discharged the whole action. I do not at present see very clearly how the action would be discharged by this verdict, but I strongly incline to think it ought to be so. But as a majority of the court are well satisfied that the court erred in permitting the verdict to be taken, I will pass this second point by. It will often happen that a plaintiff with a view to prevent witnesses from testifying, will make them defendants in trespass. In such cases, the law has provided a remedy for the other defendants, which is, that when the testimony of the plaintiff is closed and there is no evidence against one defendant, and the other defendants wish to use that one for a witness, the court will require the jury to find a verdict as to that defendant, and when so acquitted, he can give testimony for his fellows. So much for the protection of the defendants. But as to the plaintiff, he needs no assistance of this kind; he chooses, in the first place, his own defendants; and if he finds he has made some defendants who may be necessay as witnesses, he may, before a jury sworn, at any time enter a *noli prosequi*, and so have a witness. I will not stop to inquire whether the plaintiff could have entered a *noli prosequi* after the jury sworn. If he could not, it was unfortunate for him that it was not sooner discovered that Kirkpatrick was wanted as a witness, and if he had no other witness present, he was only in the condition of any other plaintiff who suffers a non-suit for want of testimony, who may renew his suit when his condition can be made better.

But in this case the plaintiff did not choose that obvious course. But by leave of the court, did a thing wholly unknown to the practice of courts, and heretofore unknown to the law as far as I am informed, and I think it ought not to be sustained. This verdict, under the circumstances of the case, in my mind, held out unusual inducements to the witness to be favorable to the plaintiff. From the evidence in the cause, the witness was quite as liable to the plaintiffs as the others, if any were liable. Then to release or discharge him in this way, is injurious to the due administration of public justice. This is not like the case of releasing a witness on the trial who is not a party; that may be done, and even that is not always favorable to justice, yet the law allows it. I think the law ought not on this point to be carried any farther.

The counsel for the appellants complain farther, that

SEPT. TERM, 1838.

Gearhart & others
v.
Smallwood,

leased, was immediately examined in chief on behalf of plaintiff. Held to be error—whether the plaintiff could have entered a *noli prosequi* after the issue was made up and the jury charged, or not, it was at least contrary to the rules of practice and dangerous to the administration of justice, that the court should allow the plaintiff to discharge the action as to one of the defendants by a verdict, for the purpose of using him as a witness.

the court erred by refusing to instruct the jury that the defendant, Gearhart, was not guilty, unless he expressly assented and assisted in the levy made by the execution. In this case neither side investigated this question at the bar. And it seems to have taken the liability for granted; and indeed this court has been unable to discover how the law on this point can be with the appellant, Gearhart. In my opinion, the judgment of the circuit court ought to be reversed, and judge TOMPKINS concurring herein, the same is reversed and remanded to the court below for a new trial.

EDWARDS, Judge.—I am not satisfied that the court erred in permitting the verdict of not guilty to be entered for Kirkpatrick in this case.